17 - 3 3 7 4 JMC

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, William Taylor, Task Force Officer of the Federal Bureau of Investigation (FBI), being duly sworn, state the following:

### INTRODUCTION AND AGENT BACKGROUND

1. This is an Affidavit provided in support of an application for a search warrant pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), and Federal Rule of Criminal Procedure 41. Specifically, I seek a search and seizure warrant authorizing the search and seizure of an Apple IPhone 7 bearing Model Number A1660, FCCID Number BCG-E3085A, IMEI Number 353824083656955, and IMSI Number 8901120100219518014001 04 that is currently located in the Baltimore City Police Department's Evidence Control Unit (hereinafter the **Subject Electronic Device**); and described in Attachment A. The applied for warrant would authorize the forensic examination of the **Subject Electronic Device** for the purpose of identifying electronically stored data particularly described in Attachment B and using the protocols described in Attachment B by members of the FBI, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation. The applied for warrant would also authorize members of the FBI, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation, to seize from the Baltimore City Police Department's Evidence Control Unit the **Subject Electronic Device**.

2. You affiant has been a sworn member of the Baltimore Police Department since December of 1996. After completion of the Police Academy, your affiant was assigned to the Northeast District. During this time, your affiant made numerous arrests for crimes against persons and property, as well as traffic law violations. Also during this time, your affiant worked in a

17 - 3 3 7 4 JMC

plainclothes capacity, investigating patterned crime throughout the Northeast District. In June 2003, your affiant was transferred to the Criminal Investigative Division as a Detective, and assigned to the Southeast District. During this assignment, your affiant investigated burglaries, robberies, serious aggravated assaults, to include non-fatal shooting incidents. In November of 2008, your affiant was transferred to the Special Investigations Section, Citywide Robbery Unit. This duty entailed investigating commercial and bank robberies.

3. During your affiant's tenure with this department, I have written or participated in numerous search and seizure warrants, resulting in the seizure of stolen property, narcotics, firearms, DNA, and other evidence. Your affiant attends yearly in-service training, and has completed 24 hours of interview and interrogation training, to include written statement analysis. Your affiant has also been certified in the nationally recognized Reid Technique of Interview and Interrogation, as well as being certified in the recovery of oral DNA samples. In April of 2010, your affiant attended and was certified in a 40-hour class in FBI street survival.

4. In March of 2013, your affiant was deputized by the United States Marshall's Service and assigned to the FBI Violent Crimes Task Force. This duty includes investigating and federally charging bank robberies, armored car robberies, and Hobbs Act violations.

5. Your affiant has testified in District, Juvenile, Circuit, and United States District Court. Your affiant has also testified in front of the Grand Jury (both State and Federal).

6. Based on my knowledge, training, and experience, I know that individuals involved with Hobbs Act robberies frequently use cellular telephones, communication devices, and other electronic media storage to further their illegal activities. Based upon your affiant's knowledge, training, and experience, and participation in this and other robbery investigations, I know the following:

17 - 3 3 7 4 JMC

  a. The fruits and instrumentalities of criminal activity are often concealed in digital form. Furthermore, digital camera technology is often used to capture images of tools and instrumentalities of pending criminal activity. Cell phones have both digital storage capacity and digital camera capabilities.

  b. Individuals involved in violent crimes often use digital storage devices to maintain telephone number "contact lists" of individuals who may have assisted in the planning of this and other criminal activity and sometimes take photographs of themselves and/or co-conspirators.

  c. It has been my experience that individuals who possess or own handguns or other weapons frequently photograph themselves holding the handguns or other weapons.

  d. Additionally, photographs on a suspect's digital device sometimes show the suspects(s) handling proceeds of violent crimes.

  e. Finally, based on my training and experience, individuals who engage in violent crimes often use cellular telephones to communicate with co-conspirators via phone calls and text messages.

  7. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, police officers, witnesses, cooperating sources, telephone records, and reports. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my

knowledge about this matter.

8. Based on the facts set forth in this affidavit, I submit there is probable cause to believe that violations of Title 18 U.S.C. § 1951(a), interference with commerce by robbery, have been committed by Malik MCCAFFITY and Maurice ALLEN. Further, as the following sections of this application will indicate, I submit that there is probable cause to believe the **Subject Electronic Device** contains evidence of that criminal activity.

## PROBABLE CAUSE

9. On the morning of June 27, 2017, Ms. Damoree Dharan was working inside Harford Liquors, located at 4627 Harford Road in Baltimore City, Maryland. She observed a red Nissan X-Terra drive onto the sidewalk outside of the store and stop. Ms. Dharan went outside to determine why the car parked on the sidewalk. As she did, MCCAFFITY and ALLEN exited the vehicle and approached Ms. Dharan. MCCAFFITY forced Ms. Dharan into the store at gunpoint as ALLEN followed behind.

10. Once in the store, MCCAFFITY pushed Ms. Dharan behind the counter where he pointed the gun at her head and subsequently threw her to the ground. MCCAFFITY then began removing cash from the cash registers, placing it in a purple back. Contemporaneously, John Szukiewicz walked into the store. ALLEN responded to Mr. Szukiewicz and forced him to the back of the store at gunpoint.

11. Approximately four minutes later, Mr. Joseph McGirt flagged down Officer Jamal Johnson of the Baltimore City Police Department, who was seated in a parked patrol car in the 4600 Block of Harford Road, and advised him of what was occurring in the store. Officer Johnson responded to the store and observed MCCAFFITY and ALLEN. ALLEN immediately surrendered, lying prone on the ground. MCCAFFITY ran to the back of the store, dropping the

4

purple bag of cash. MCCAFFITY attempted to exit the rear of the store. Officer Johnson discharged his weapon, missing MCCAFFITY. MCCAFFITY then ran into the rear freezer.

12. Additional units responded and took MCCAFFITY and ALLEN into custody. Officers recovered a loaded Smith and Wesson Model M&P BG .380 caliber handgun outside of the rear freezer with the purple bag MCCAFFITY used to collect the cash from the registers. Officers also recovered a loaded First Shot Model DPSI 9mm handgun next to ALLEN. Both handguns had obliterated serial numbers.

13. Investigation revealed that the red Nissan X-Terra was reported stolen in Baltimore City on June 13, 2017. The vehicle was towed, and the registered owners gave written consent for investigators to search the vehicle. Investigators searched the vehicle and recovered a bag of clothes with a Maryland Identification Card belonging to ALLEN. Investigators recovered the **Subject Electronic Device** from the front passenger seat. Investigators submitted a search and seizure warrant for the **Subject Electronic Device** in the District Court for Baltimore City to the Honorable C. Yvone Holt-Stone; however, Judge Holt-Stone did not sign the warrant, expressing concern over the ownership of the **Subject Electronic Device**. Subsequently, Investigators contacted the registered owners of the vehicle who advised that the **Subject Electronic Device** does not belong to them.

## CONCLUSION

14. Based on the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. § 1951(a), interference with commerce by robbery, have been committed by Malik MCCAFFITY and Maurice ALLEN. Further, I submit that there is probable cause to believe the **Subject Electronic Device** contains evidence of that criminal activity.

15. WHEREFORE I respectfully request that the Court issue a warrant authorizing members of the FBI, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation, to seize the **Subject Electronic Device**, as described in Attachment A, and to search the **Subject Electronic Device** for the purpose of identifying electronically stored data particularly described in Attachment B and using the protocols described in Attachment B.

Respectfully Submitted,

TFO William Taylor
Federal Bureau of Investigation

Subscribed and sworn to before me on this 15th day of December 2017.

FILED ___ ENTERED
LOGGED ___ RECEIVED

JAN 22 2018

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

The Honorable J. Mark Coulson
United States Magistrate Judge

6

## ATTACHMENT A

17 - 3 3 7 4 JMC

**Property to Be Searched**

The location to be searched is Baltimore City Evidence Control Unit, located at 601 East Fayette Street, Baltimore, Maryland 21202. The device to be searched, the **Subject Electronic Device**, is an Apple IPhone 7 bearing Model Number A1660, FCCID Number BCG-E3085A, IMEI Number 353824083656955, and IMSI Number 8901120100219518014001 04.

The device(s) will be charged and powered on. The device(s) and all readable and searchable contents will be downloaded to a "CelleBrite" or "XRY" or similar device. The contents downloaded on the "CelleBrite" or "XRY" or similar device will then be copied to a readable computer disc and reviewed by your affiant. A search warrant return will be provided to the Court thereafter.

## ATTACHMENT B

### Search Protocols

This warrant authorizes the search and seizure of the following electronically stored information, contained within the items described in Attachment A:

a. digital images;

b. digital videos;

c. records of incoming and outgoing voice communications;

d. records of incoming and outgoing text messages;

e. the content of incoming and outgoing text messages;

f. voicemails;

g. voice recordings;

h. contact lists; and

i. location data;

that are related to the investigation into drug trafficking as more fully described in the Affidavit.

Because of the possibility that the files examined pursuant to the warrant will include information that is beyond the scope of what the United States has demonstrated the existence probable cause to search for, the search shall be conducted in a manner that will minimize to the greatest extent possible the likelihood that files or other information for which there is not probable cause to search is not viewed.

While this protocol does not prescribe the specific search protocol to be used, it does contain limitations to what the government investigators may view during their search, and the searching investigators shall be obligated to document the search methodology used in the event that there is a subsequent challenge to the search that was conducted, pursuant to the following protocol.

With respect to the search of any digitally/electronically stored information that is seized pursuant to this warrant, and described in Attachment B hereto, the search procedure shall include such reasonably available techniques designed to minimize the chance that the government investigators conducting the search will view information that is beyond the scope for which the probable cause exists.

The following list of techniques is a non-exclusive list which illustrates the types of search methodology that may avoid an overbroad search, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein:

a. Use of computer search methodology to conduct an examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether data falls within the items to be seized as set forth herein by specific date ranges, names of individuals, or organizations;

b. Searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein;

c. Physical examination of the storage device, including digitally surveying various file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth herein; and

d. Opening or reading portions of files that are identified as a result of conducting digital search inquiries in order to determine their relevance.